**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____  District of  Delaware
                              (State)

Case number (*If known*): _____  Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Model Reorg Acquisition, LLC

2. **All other names debtor used in the last 8 years**

    Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)   2 6 – 3 0 0 0 3 1 8

4. **Debtor's address**

    **Principal place of business**

    35        Sawgrass Drive
    Number   Street

    Suite 2

    Bellport              NY    11713
    City                  State ZIP Code

    Suffolk
    County

    **Mailing address, if different from principal place of business**

    _____
    Number   Street

    _____
    P.O. Box

    _____
    City           State    ZIP Code

    **Location of principal assets, if different from principal place of business**

    _____
    Number   Street

    _____

    _____
    City           State    ZIP Code

5. **Debtor's website** (URL)  http://www.perfumania.com

6. **Type of debtor**
    ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
    ☐ Partnership (excluding LLP)
    ☐ Other. Specify: _____

Debtor  Model Reorg Acquisition, LLC  
      Name

Case number (*if known*)_____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4 5 3 9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District _____ When _____ Case number _____
                                      MM / DD / YYYY
        District _____ When _____ Case number _____
                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor  See Attachment 1  Relationship  Affiliate
      District  Delaware  When  Date hereof
                                      MM / DD / YYYY
      Case number, if known _____

Debtor   Model Reorg Acquisition, LLC   Case number (*if known*)_____
         Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number   Street

_____

_____
City                              State       ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact name    _____
       Phone           _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☑ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor     Model Reorg Acquisition, LLC_____     Case number (*if known*)_____
           Name

| 16. **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/26/2017
             MM  / DD / YYYY

✘ */s/ Michael W. Katz*_____          Michael W. Katz_____
Signature of authorized representative of debtor    Printed name

Title  President and Chief Executive Officer

**18. Signature of attorney**

✘ */s/ Anthony W. Clark*_____       Date  08/26/2017
Signature of attorney for debtor                        MM  / DD / YYYY

Anthony W. Clark_____
Printed name
Skadden, Arps, Slate, Meagher & Flom LLP_____
Firm name
One         Rodney Square_____
Number      Street
Wilmington_____          Delaware    19899-0636
City                                        State       ZIP Code

(302) 651-3000_____          anthony.clark@skadden.com
Contact phone                               Email address

2051_____           Delaware_____
Bar number                                  State

# ATTACHMENT 1

Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Model Reorg Acquisition, LLC.

|    | DEBTOR | FEDERAL EIN |
|----|--------|-------------|
| 1  | Aladdin Fragrances, Inc. | 11-3144338 |
| 2  | Distribution Concepts, LLC | 14-1848845 |
| 3  | Flowing Velvet, Inc. | 11-2917294 |
| 4  | Global Duty Free Supply, Inc. | 59-2702686 |
| 5  | Jacavi, LLC | 20-5796863 |
| 6  | Magnifique Parfumes and Cosmetics, Inc. | 59-2756420 |
| 7  | Model Reorg Acquisition, LLC | 26-3000318 |
| 8  | Niche Marketing Group, Inc. | 11-3491943 |
| 9  | Northern Amenities, Ltd. | 11-2805387 |
| 10 | Northern Brands, Inc. | 11-3037186 |
| 11 | Northern Group, Inc. | 11-2913226 |
| 12 | Perfumania Holdings, Inc. | 65-0977964 |
| 13 | Perfumania Puerto Rico, Inc. | 66-0526787 |
| 14 | Perfumania, Inc. | 65-0026340 |
| 15 | Perfumania.com, Inc. | 65-0884688 |
| 16 | Perfumers Art, Inc. | 11-3216616 |
| 17 | Quality King Fragrance, Inc. | 11-3414939 |
| 18 | Scents of Worth, Inc. | 11-2401732 |
| 19 | Ten Kesef II, Inc. | 65-0701253 |

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: Model Reorg Acquisition, LLC | |
| United States Bankruptcy Court for the: District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): 17-_____ | |

# Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders     12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MB FRAGRANCES LLC<br>2500 HAMILTON BLVD<br>SOUTH PLAINFIELD, NJ 07080 | PHONE: 908-222-8080<br>FAX: 908-222-0828<br>sales@mbfragrances.com | Trade Debt | | | | $829,473.00 |
| 2 | PUIG USA INC<br>ONE PARK AVENUE<br>FIFTH FLOOR<br>NEW YORK, NY 10016 | PHONE: 607-239-6152<br>camelia.handrea@clarins.com | Trade Debt | | | | $454,382.85 |
| 3 | HFC PRESTIGE PRODUCTS, INC.<br>ONE PROCTER & GAMBLE PLAZA<br>CINCINNATI, OH 45202 | PHONE: 732-605-2705<br>FAX: 512-374-4051<br>Olga_Halili@cotyinc.com | Trade Debt | | | | $343,002.70 |
| 4 | PERFUME CENTER OF AMERICA<br>2020 OCEAN AVE<br>RONKONKOMA, NY 11779 | PHONE: 516-576-1300<br>FAX: 516-576-1313<br>suja@perfume-center.com | Trade Debt | | | | $310,554.50 |
| 5 | MAESA LLC<br>40 WORTH STREET<br>SUITE 705<br>NEW YORK, NY 10013 | PHONE: 212-674-5555<br>FAX: 212-537-7338<br>david.francisco@maesa.com | Trade Debt | | | | $220,899.60 |
| 6 | ONI ESSENCE INC.<br>6135 NW 167TH STREET<br>SUITE E-14<br>MIAMI LAKES, FL 33015 | PHONE: 305-826-6551<br>accounts@oniessence.com | Trade Debt | | | | $214,670.00 |
| 7 | COSMETIC ESSENCE, LLC<br>2182 HIGHWAY 35<br>HOLMDEL, NJ 07733-1125 | PHONE: 201-941-9800<br>FAX: 732-888-6086<br>accountsreceivable@cosmeticessence.com | Trade Debt | | | | $198,999.36 |
| 8 | CONTINENTAL/BRACHA COSM.<br>100 NEWFIELD AVE<br>EDISON, NJ 08837 | FAX: 619-265-1190<br>info@continentalcosmetique.com | Trade Debt | | | | $171,075.00 |

Debtor:  Model Reorg Acquisition, LLC

Case Number (if known):  17-_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | A.B. DIVERSIFIED ENTERPRISES<br>6825 W. SUNRISE BLVD.<br>PLANTATION, FL  33313 | FAX: 305-592-0165<br>aileen@abdiversified.com | Trade Debt | | | | $153,617.00 |
| 10 | APTOS CANADA INC.<br>9300 TRANS-CANADA HIGHWAY<br>SUITE 300<br>SAINT-LAURENT, PQ  H4S 1K5 | PHONE: 514-428-2355<br>FAX: 514-428-0824 | Trade Debt | | | | $115,135.23 |
| 11 | INTERPARFUMS LUXURY BRANDS, INC.<br>C/O STANISLAS ARCHAMBAULT<br>ONE PARK AVENUE<br>FLOOR 19<br>NEW YORK, NY  10016 | FAX: 212-983-4197<br>lmarinelli@interparfums.com | Trade Debt | | | | $100,598.00 |
| 12 | SUPERIOR FRAGRANCES INC<br>52 E CENTRE STREET UNIT 5<br>NUTLEY, NJ  07110 | PHONE: 973-235-9221<br>satwinder@superiorfragrances.com | Trade Debt | | | | $97,451.25 |
| 13 | DM FRAGRANCES & COSMETICS, INC.<br>600-D LAKE STREET<br>RAMSEY, NJ  07446 | dmfragrance@aol.com | Trade Debt | | | | $86,148.00 |
| 14 | EURO PERFUMES INC<br>60 HONECK ST<br>ENGLEWOOD, NJ  07631 | PHONE: 201-941-7221<br>CustomerService@europarfum.com | Trade Debt | | | | $77,400.00 |
| 15 | PRIME FRAGRANCE LLC<br>202 BERKSHIRE DRIVE<br>PRINCETON, NJ  08540 | PHONE: 732-357-5645<br>FAX: 202-546-3275<br>primefragrances@hotmail.com | Trade Debt | | | | $64,537.50 |
| 16 | PREMIER FRAGRANCES LLC<br>C/O SHAKTI CHADHA, PRES<br>51 KELLY WAY<br>MONMOUTH JUNCTION, NJ  08850 | PHONE: 732-355-1868<br>info@premierfragrances.com | Trade Debt | | | | $58,365.00 |
| 17 | UPS<br>55 GLENLAKE PKWY<br>ATLANTA, GA  30328 | FAX: 404-828-7666<br>info@ups.com | Trade Debt | | | | $51,619.00 |
| 18 | YOUR PRINTER V20 LTD<br>D/B/A ALLEGRA PRINCETON<br>6 CORPORATE DRIVE<br>CRANBURY, NJ  08512 | PHONE: 609-771-4000<br>FAX: 609-860-9449 | Trade Debt | | | | $44,427.89 |
| 19 | TEKPARTNERS SOLUTIONS, LLC<br>5810 CORAL RIDGE DRIVE, STE 250<br>CORAL RIDGE, FL  33076 | FAX: 954-282-6070<br>HQ@tekpartners.com | Trade Debt | | | | $42,486.72 |
| 20 | ELIZABETH ARDEN, INC<br>2400 SW 145 AVE 2ND FL<br>MIRAMAR, FL  33027 | PHONE: 954-364-6900<br>FAX: 877-742-7738<br>Gaby.Alarcon@elizabetharden.com | Trade Debt | | | | $37,498.50 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MODEL REORG ACQUISITION, LLC,[1] | Case No. 17-[ _____ ] (\_\_\_) |
| Debtor. | Tax I.D. No. 26-3000318 |

**CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY SECURITY HOLDERS OF MODEL REORG ACQUISITION, LLC**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

| Name and Address of Corporate Equity Holder | Interest |
|---|---|
| Perfumania Holdings, Inc.[2]<br>35 Sawgrass Drive, Suite 2,<br>Bellport, New York 11713 | 100% |

---

[1] The Debtor's address and last four digits of its federal taxpayer identification number are: 35 Sawgrass Drive, Suite 2, Bellport, New York 11713 (0318).

[2] See the Corporate Ownership Statement of Perfumania Holdings, Inc. ("Perfumania") filed as an attachment to Perfumania's voluntary petition for relief under chapter 11 of title 11 of the United States Code for a list of indirect holders of Model Reorg Acquisition, LLC.

**Fill in this information to identify the case and this filing:**

Debtor Name  Model Reorg Acquisition, LLC

United States Bankruptcy Court for the: _____  District of  Delaware
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement/List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/26/2017        ✗ /s/ Michael W. Katz_____
MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                  Michael W. Katz_____
                                  Printed name

                                  President and Chief Executive Officer_____
                                  Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**WRITTEN CONSENT OF
THE SOLE MEMBER OF**

**MODEL REORG ACQUISITION, LLC**

**August 26, 2017**

The undersigned, being the sole member (the "Member") of Model Reorg Acquisition, LLC, a Delaware limited liability company, (the "Company"), does hereby waive all notice of the time, place and purpose of meeting and does hereby consent in writing pursuant to Section 18-302 of the Delaware Limited Liability Company Act, without formality of convening a meeting, and approves in all respects the adoption of, and does hereby adopt, the following resolutions in lieu of a meeting of the Member.

**WHEREAS**, the Member reviewed the materials presented by the management and the advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses; and

**WHEREAS**, the Member has had the opportunity to consult with management and the advisors of the Company and fully considered each of the strategic alternatives available to the Company; and

**WHEREAS**, the Member has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought; and

**WHEREAS**, the Member, having considered the financial and operational aspects of the Company's business and the best course of action to maximize value, has determined that it is advisable and in the best interests of the Company and its stakeholders, including its stockholders, its creditors, and other interested parties, that the Company file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code and implement a restructuring of the Company through a prepackaged plan of reorganization (the "Plan of Reorganization") to be filed by the Company in connection with the commencement of chapter 11 cases in the Bankruptcy Court.

**NOW THEREFORE, IT IS HEREBY RESOLVED**, that the Company shall file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby in all respects;

Chapter 11 Filing

**FURTHER RESOLVED**, that each of the President and Chief Executive Officer, and the Treasurer, Secretary and Chief Financial Officer of the Company (each, an "Authorized Representative," and, collectively, the "Authorized Representatives") is hereby authorized, empowered and directed, in the name and on behalf of the Company, to take all actions in connection with the chapter 11 case authorized herein;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Representative executing said petition on behalf of the Company shall determine;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute the Plan of Reorganization and the Disclosure Statement with respect to the Plan of Reorganization in the name of the Company and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Representative executing the Plan of Reorganization and Disclosure Statement on behalf of the Company shall determine;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to prepare, execute and file or cause to be prepared, executed and filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all other action which the Authorized Representatives or any one of them deem necessary or appropriate in connection with the chapter 11 case and the Plan of Reorganization contemplated hereby, with a view to the successful prosecution of such case and confirmation of the Plan of Reorganization;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Representative to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, including confirmation and consummation of the Plan of Reorganization, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

Financing Transactions

*DIP Facility*

**WHEREAS**, the Company and certain subsidiaries of the Company ("Borrowers") entered into that certain Credit Agreement, dated January 7, 2011 (as amended by Amendment No. 1 to Credit Agreement, dated as of December 23, 2011, and Amendment

2

No. 2 to Credit Agreement, dated as of April 25, 2014, and as supplemented by Joinder Agreement, dated as of April 18, 2012, the "Pre-Petition Credit Agreement" and, as amended by the DIP Amendment (as defined below), the "DIP Facility Agreement") by and among the other Borrowers and Guarantors (each as defined therein) party thereto, Wells Fargo Bank, National Association, as administrative and collateral agent ("Existing Agent") and the lenders party thereto ("Existing Lenders");

**WHEREAS**, in connection with the Chapter 11 filing referenced herein, the Company intends to amend the Pre-Petition Credit Agreement pursuant to a Ratification and Amendment Agreement with the other Borrowers and Guarantors, the Existing Agent and the Lenders party thereto (the "DIP Amendment" and, together with the DIP Facility Agreement, all related loan documents and all other agreements, consents, notices, certificates, collateral documents, guaranties, assignments, letters, instruments, promissory notes, amendments to promissory notes or other documents of any type in each case, in a form to be approved by an Authorized Representative (such Authorized Representative's execution of such document to conclusively evidence such approval) to be entered by the Company in connection therewith, the "DIP Facility Documents") which will provide for a refinancing of the facility currently outstanding under the Pre-Petition Credit Agreement with a senior secured debtor-in-possession asset-based revolving facility in an amount of approximately $83,750,000 (the "DIP Facility");

**WHEREAS**, the Company and the other Borrowers and Guarantors additionally desire to enter the DIP Amendment to reaffirm their obligations to Agent and Lenders under the Pre-Petition Credit Agreement and other loan documents related thereto and acknowledge their continuing liabilities to the Existing Agent and Existing Lenders thereunder in order to induce the making of loans and advances under the DIP Facility, and provide other financial accommodations, to Borrowers secured by substantially all the assets and properties of Borrowers and Guarantors as set forth in an order of the Bankruptcy Court concerning the DIP Facility or any collateral documents securing the Pre-Petition Obligations (as defined in the DIP Amendment);

*Exit Facility*

**WHEREAS**, it is contemplated that in connection with confirmation of a plan of reorganization with respect to the Chapter 11 filing referenced herein, the Company will enter a Credit Agreement (the "Exit Facility Agreement" and, together with all related loan documents, the Exit Facility Collateral Documents (as defined below) and all other agreements, consents, notices, certificates, collateral documents, guaranties, assignments, letters, instruments, promissory notes or other documents of any type, in each case, in a form to be approved by an Authorized Representative (such Authorized Representative's execution of such document to conclusively evidence such approval) to be entered by the Company in connection therewith, the "Exit Facility Documents" and the Exit Facility Documents, together with the DIP Facility Documents, the "Loan Documents") with the other Borrowers and Guarantors (each, as defined therein) party thereto, the lenders party thereto and Wells Fargo Bank, N.A., as administrative agent, collateral agent (in such capacities, the "Exit Agent"), swing line lender and L/C issuer which will provide for a

3

senior secured asset-based revolving facility (the "Exit Facility") in an aggregate principal amount of approximately $100,000,000 (which amount may be increased or decreased with the approval of an Authorized Representative, execution of the Exit Facility Agreement indicating such an increase or decrease by such Authorized Representative to evidence conclusive approval thereof) for the purpose of, among other things, refinancing the DIP Facility, and the Member has reviewed the material terms and conditions of the Exit Facility;

**WHEREAS**, it is contemplated that the obligations of the Company under the Exit Facility Agreement and the other Exit Facility Documents will be secured by a lien on substantially all of the assets of the Company pursuant to one or more security agreements, collateral agreements, mortgages, control agreements, contract or collateral assignments, intellectual property security agreements or other collateral documents in each case in a form to be approved by an Authorized Representative, such Authorized Representative's execution thereof to conclusively indicate such approval (together with any related UCC financing statements, stock powers, transfer powers, allonges, intercreditor agreements, perfection certificates, assignments, notices, consents, instruments or other documents of any type in connection therewith, the "Exit Facility Collateral Documents") and that the obligations under the Exit Facility Agreement and the other Exit Facility Documents be guaranteed by the Guarantors pursuant to the Exit Facility Agreement;

**WHEREAS**, after consideration of all factors and information the Member deems, the Member has determined that entry into the DIP Amendment, the Exit Facility Agreement, the Exit Facility Collateral Documents and the other Loan Documents to which the Company is a party and the consummation of the transactions contemplated thereby and in connection therewith, including incurrence of the DIP Facility and the Exit Facility, the granting of liens on substantially all of the Company's assets pursuant to any related financing orders or any applicable Exit Facility Collateral Documents and (if applicable) the guaranteeing of any obligations under any Loan Documents, are, in each case, in the best interests of the Company, its subsidiaries and their respective stakeholders, and will bring substantial direct and indirect benefits to such parties and the Member authorize the Authorized Representatives to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby;

**NOW, THEREFORE, BE IT RESOLVED**, that (i) entry into the DIP Facility and the Exit Facility in the amounts and on the terms and conditions provided to the Member, or such other amounts, terms and conditions as deemed necessary, desirable or appropriate by any Authorized Representative, (ii) execution and delivery by the Company of the DIP Amendment, the Exit Facility Agreement, the Exit Facility Collateral Documents and any other Loan Documents to which it is a party evidencing or in connection with the DIP Facility or the Exit Facility and the performance by the Company of all of its obligations thereunder and (iii) consummation of the transactions contemplated thereby (including the borrowing of loans thereunder and the granting of liens on substantially all of the assets of the Company as described above), be and they hereby are, in all respects,

authorized, ratified, approved and adopted by the Member on behalf of the Company; and be it

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized to, in the name of and on behalf of the Company, (i) negotiate, execute, deliver and perform the Company's obligations under the DIP Amendment, the Exit Facility Agreement, the Exit Facility Collateral Documents and the other Loan Documents, including, without limitation, the granting of the security interests and liens contemplated thereby (if any) and the incurrence of other obligations contemplated thereunder, and carry out the Company's duties thereunder, (ii) borrow any loans or incur other indebtedness in any amounts according to the terms of the DIP Facility Agreement, the Exit Facility Agreement or other Loan Documents, and (iii) negotiate, execute and deliver all other agreements, instruments and documents of any type in connection therewith and any and all amendments, waivers or other modifications thereto and take or cause to be taken any and all such further actions, in each case on such terms and conditions as any Authorized Representative may deem necessary, desirable or appropriate, in each case, the delivery thereof or the taking of such action by any such Authorized Representative to conclusively evidence the approval thereof;

**FURTHER RESOLVED**, that the Company be, and hereby is, authorized and empowered and directed to grant or reaffirm continuing security interests in, and pledge its right, title and interest in, substantially all present and after-acquired assets and properties of the Company, as required or contemplated by the DIP Amendment, the Exit Facility Agreement, the Exit Facility Collateral Documents or any other Loan Documents and/or any of the other agreements or documents entered into pursuant thereto or in connection therewith, or as any Authorized Representative may deem necessary, advisable or proper to carry out the terms, intents and purposes of the Loan Documents, the transactions contemplated thereby and the resolutions related thereto, subject to such exceptions and limitations as set forth in any applicable Loan Documents;

**FURTHER RESOLVED**, the Member hereby authorizes the Exit Agent to file any financing statements, assignments for security, mortgages, intellectual property security agreements or other documents in the name of the Company as may be necessary or desirable to perfect the security interests granted to the Agent pursuant to the Exit Facility Collateral Documents;

**FURTHER RESOLVED**, that the Company be, and hereby is, authorized to use proceeds from the Exit Facility to fully and finally satisfy all claims and other obligations of the Company and certain of its subsidiaries and affiliates under the DIP Facility; and be it further

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them individually hereby is, authorized, empowered and directed, in the name and on behalf of the Company (or to delegate to any other officer of such Company the authority to) do and perform all such further acts and things including, without limitation, (1) executing, delivering and, when necessary or appropriate, filing with the appropriate governmental

or regulatory authorities (including the Commission and any national securities exchange) all such certificates, contracts, bonds, agreements, documents, instruments, receipts or other papers and (2) making all such payments, in each case as may be necessary, convenient or appropriate, in the judgment of any such Authorized Representative, to effectuate the matters contemplated by the foregoing resolutions;

**FURTHER RESOLVED**, that to the extent the Company manages or controls certain of its subsidiaries, the Member confirms that entry into the Loan Documents and consummation of the transactions contemplated therein is in the best interest of such subsidiaries and authorizes the Company or its Authorized Representatives to take any actions on behalf of such subsidiaries in connection with the Loan Documents and the transactions contemplates thereby;

**FURTHER RESOLVED**, that all actions previously taken by or at the direction of the Member in connection with any of the matters contemplated by and consistent with any or all of the foregoing resolutions be, and they hereby are, ratified, approved, adopted and confirmed in all respects;

Retention of Advisors

**FURTHER RESOLVED**, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under a general retainer to render legal services to, and to represent, the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the firm of Imperial Capital, LLC be, and hereby is, employed as investment banker to the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the firm of Ankura Consulting Group, LLC, be, and hereby is, employed as financial advisor to the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the firm of Epiq Bankruptcy Solutions, LLC, be, and hereby is, employed as claims and noticing agent and administrative advisor to the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the firm of A&G Realty Partners, LLC, be, and hereby is, employed as real estate consultant and advisor to the Company in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to retain such other professionals as they deem appropriate during the course of the chapter 11 case;

Fees and Expenses

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization and approval thereof by the Member;

General

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, certificates, undertakings, instruments and any and all other documents and amendments as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to amend, supplement or otherwise modify from time to time the terms of any agreements, undertakings, documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and

**FURTHER RESOLVED**, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed and adopted in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Member for his prior approval, including, but not limited to, all such actions taken by any director, officer or employee of the Company.

**IN WITNESS WHEREOF**, the undersigned sole Member of Model Reorg Acquisition, LLC has executed this instrument as of the date first written above.

PERFUMANIA HOLDINGS, INC.
As Sole Member

_____
Name:  Michael W. Katz
Title:   President and
           Chief Executive Officer